```
                UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division

UNUM LIFE INSURANCE COMPANY   )
OF AMERICA                    )
     Plaintiff,               )
                              )
                              )
     v.                       )   Civil Action No. 1:15cv473
                              )
REBECCA JAMES.                )
     Defendant.               )
                              )
```

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Default Judgment by plaintiff Unum Life Insurance Company of America ("Unum" or "plaintiff") against defendant Rebecca James ("James" or "defendant"). (Dkt. 8.) After a representative for defendant failed to respond to plaintiff's Motion or to appear at the hearing before Judge Davis on August 14, 2015, the undersigned Magistrate Judge took plaintiff's Motion under advisement.[1]

## I.   INTRODUCTION

### A. Background

Plaintiff is a Maine corporation with its principal place of business located in Portland, Maine. (Compl. ¶ 1.)

---

[1] The record before the Court includes the Complaint ("Compl."), (Dkt. 1), plaintiff's Motion for Default Judgment (Dkt. 8), the Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Mot. Default J.")(Dkt. 9), and the Declaration of Gudrun Cushman in Support of Default Judgment ("Cushman Decl.")(Dkt. 9-1), and exhibits and attachments thereto.

Defendant is an individual citizen of Virginia who resides in Centreville, Virginia within Fairfax County, Virginia. (Compl. ¶ 2.) Defendant was covered under a group long-term disability insurance policy issued by plaintiff to Acumen Solutions, Inc., Defendant's former employer. (Id. at ¶ 5.) The policy provided for a reduction of monthly benefits in the amount of any benefits received by a covered person from the Social Security Administration. (Id. at ¶ 6.) Defendant improperly received unreduced benefits from plaintiff, resulting in overpayment of $83,610.00. (Id. at ¶¶ 7-8.) In order to resolve this issue, plaintiff and defendant entered into an "Overpayment Reimbursement Agreement" (the "Agreement") whereby defendant agreed to make monthly payments until she satisfied her full debt. (Id. at ¶ 10.) Defendant made three payments under the Agreement as required, and then ceased making payments following her August 2014 payment. (Id. at ¶¶ 11-12.) Plaintiff is presently owed $80,610.00 by defendant under the Agreement. (Id. at ¶ 13.) Plaintiff now seeks $80,610.00 in damages, as well as prejudgment interest accrued since October 1, 2014, and attorneys' fees and costs.

### B. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render default judgment.

This Court has subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) (2006). Plaintiff is a Maine corporation with a principal place of business in Portland, Maine. (Compl. ¶ 1.) Defendant is an individual residing in Virginia. (Id. at ¶ 2; Summons (Dkt. 5).) Plaintiff seeks an award of $80,610.00, plus interest, fees and costs. (Compl. ¶ 13; Mem. Supp. Mot. Default J. ¶ 11.) Because the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this dispute.

This Court has personal jurisdiction over defendant as defendant resides in this district. (Compl. ¶¶ 2, 4; Summons.)

Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### C. Service of Process

Plaintiff's private process server served defendant personally with the summons and copy of the Complaint on April 24, 2015 at 14709 Mount Olive Road, Centreville, VA 20121. (Dkt. 5.) Therefore, pursuant to Fed. R. Civ. P. 4(e)(2)(A), service of process was proper.

**D. Grounds for Default Judgment**

Plaintiff filed this action on April 9, 2015. (Dkt. 1.) To date, defendant has not appeared nor otherwise participated in these proceedings. On July 29, 2015, the Clerk of this Court entered default pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 7.)

On July 31, 2015, plaintiff filed a Motion for Default Judgment against defendant. (Dkt. 8.) After defendant failed to appear at the August 14, 2015 hearing on plaintiff's Motion for Default Judgment before Judge Davis, the undersigned took this matter under advisement. (Dkt. 11.)

## II.  FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.

Plaintiff is a Maine corporation with a principal place of business in Portland, Maine. (Compl. ¶ 1.) Defendant is an individual residing in Virginia. (Id. at ¶ 2; Summons (Dkt. 5).) Defendant was covered under a group long-term disability insurance policy issued by plaintiff to Acumen Solutions, Inc., defendant's former employer. (Compl. ¶ 5.) The policy provided for a reduction of monthly benefits in the amount of any benefits received by a covered person from the United States Social Security Administration. (Id. at ¶ 6.) Defendant

submitted a claim to plaintiff in October of 2007, and received benefits pursuant to the terms of the policy. (Id. at ¶¶ 5-6.) In February 2008, defendant received Social Security benefits retroactively while plaintiff was paying unreduced benefits to defendant. (Id. at ¶ 7.) This resulted in overpayment by plaintiff to defendant of $83,610.00. (Id. at ¶ 8.) To resolve this issue, the parties entered in to an Overpayment Reimbursement Agreement. (Id. at ¶ 10; Compl. Ex. 1; Cushman Decl. ¶ 8.) Defendant signed this agreement on May 26, 2014 and a representative of defendant signed this agreement on July 2, 2014. (Compl. Ex. 1.) Defendant made three payments to plaintiff, then stopped making payments to plaintiff in August 2014. (Compl. ¶¶ 11-13; Cushman Decl. ¶ 9.) Under the agreement, defendant owes plaintiff $80,610 in principal, and $4,836.60 in prejudgment interest. (Compl. ¶¶ 13, 16; Cushman Decl. ¶ 10.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards

of Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that defendant breached their Overpayment Reimbursement Agreement. (Compl. ¶¶ 16-17.) Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that (1) the defendant had a legally enforceable obligation; (2) the defendant materially breached that obligation; and (3) such breach caused plaintiff's damages. Filak v. George, 594 S.E.2d 610, 614 (Va. 2004).

Plaintiff has pleaded sufficient facts to support a breach of contract claim.

First, plaintiff shows sufficient facts for the undersigned to find that a legally enforceable obligation existed. Plaintiff and defendant entered into the Overpayment Reimbursement Agreement which required defendant to pay plaintiff $1,000 per month until defendant's balance of $83,610.00 was paid in full. (Compl. ¶ 10; Compl. Ex. 1; Cushman Decl. ¶ 7.) This Agreement was signed by both parties and defendant began making payments as required. (Compl. ¶¶ 10-12; Compl. Ex. 2.)

Second, plaintiff successfully demonstrates that the defendant materially breached that obligation. Defendant made three payments, and then ceased making payments following her most recent payment in August 2014. (Compl. ¶¶ 11-12; Cushman Decl. ¶ 9.) Defendant's failure to make payments constitutes a

breach of the Agreement.

Finally, plaintiff pleads sufficient facts to show that defendant's breach caused damages to plaintiff. Defendant paid only $3,000 of the $83,610.00 she owed to plaintiff under the Agreement. (Compl. ¶¶ 11-12.) To date, defendant owes plaintiff $80,610.00 on the principal, as well as $4,836.00 in prejudgment interest. (Cushman Decl. ¶ 10.)

Therefore, plaintiff demonstrates that defendant materially breached her contractual obligation to compensate plaintiff for the initial overpayment of benefits. Defendant's failure to abide by the Agreement resulted in damages to plaintiff of $80,610 as well as $4,836.60 in prejudgment interest. The undersigned finds that plaintiff's Complaint properly states a claim for breach of contract.

Additionally, the Court notes that by failing to appear or otherwise respond in this matter, defendant has waived any defenses based on the statute of frauds. See Moore Lumber Corp. v. Walker & Williamson, 67 S.E. 374, 375 (Va. 1910).

### IV. REQUESTED RELIEF

Plaintiff seeks damages in the amount of $85,446.60. This amount represents the principal amount owed to plaintiff under the agreement, less the three payments remitted to plaintiff by defendant prior to the breach, as well as prejudgment interest accrued from October 2014. For the reasons articulated above,

the undersigned recommends a finding that defendant is liable for damages in the amount of $85,446.60.

Plaintiff also seeks an unspecified amount of reasonable attorneys' fees and costs. This Court does often grant attorneys' fees and costs in default judgment cases. However, plaintiff has failed to provide any legal justification or support for why the Court should grant them in the instant case. There is no statutory requirement that attorneys' fees be granted in this type of case and the Agreement does not anticipate the award of attorneys' fees in the event of default. Therefore, the undersigned recommends that the Court deny any requested attorneys' fees.

## V.   RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Unum Life Insurance Company of America against defendant Rebecca James for breach of contract in the total amount of $85,446.60, representing $80,610 in principal owed to plaintiff as well as $4,836.60 in prejudgment interest. The undersigned does not recommend the award of any attorneys' fees.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

Rebecca James
14709 Mount Olive Road
Centreville, VA 20121

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August 28, 2015
Alexandria, Virginia